UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re:*<br>SUBPOENA ON THIRD-PARTY JULIE DRASSINOWER | Case No.: 3:21-cv-1370-JLS-AHG<br>**ORDER DENYING JULIE DRASSINOWER'S MOTION TO QUASH DEPOSITION SUBPOENA**<br>**[ECF No. 1]** |
| TODD HALL, KEVIN BRANCA, and GEORGE ABDELSAYED, individually and on behalf of all others similarly situated,<br>Plaintiffs,<br>v.<br>MARRIOTT INTERNATIONAL, INC.,<br>Defendant. | *Underlying action pending in the Southern District of California:*<br><br>*Case No. 3:19-cv-1715-JLS-AHG* |

Before the Court is Julie Drassinower's Motion to Quash. ECF No. 1. Pursuant to Federal Rule of Civil Procedure 45(d)(3), Ms. Drassinower asks the Court to quash the deposition subpoena served on her by Defendant Marriott International, Inc. ("Defendant")

in a case currently pending in this District. *Id*. Defendant opposes the motion. ECF No. 3. For the reasons set forth below, Ms. Drassinower's motion to quash is **DENIED**.

## I.      BACKGROUND

In a case currently pending in this District,[1] various plaintiffs filed a putative class action against Defendant Marriott International, Inc. ("Defendant"), alleging[2] that Defendant engages in false and deceptive advertising in the way it represents the prices for its hotel rooms, services, and amenities. *See generally Hall v. Marriott Int'l, Inc.*, No. 19-cv-1715-JLS-AHG (S.D. Cal.), Doc No. 82; *see id*. at ¶ 17 ("At issue in this case is the growing and continued unfair and deceptive practice of hotels advertising bargain-priced daily room rates online, but not including fees charged in the initially advertised room rate"). Plaintiffs allege unjust enrichment, negligent misrepresentation, concealment/non-disclosure, and intentional misrepresentation, as well as violations of California's Consumers Legal Remedies Act ("CLRA"), CAL. CIV. CODE §§ 1750 *et seq*.; False Advertising Law ("FAL"), CAL. BUS. & PROF. CODE §§ 17500 *et seq*.; and Unfair Competition Law ("UCL"), CAL. BUS. & PROF. CODE §§ 17200 *et seq*. *Hall*, Doc. No. 82. The underlying case was also filed on behalf of both a "Nationwide Class" and a "California Class." *Hall*, Doc. No. 82 at ¶¶ 85–86.

In the underlying case, on September 9, 2019, Plaintiff Todd Hall filed his original putative class action complaint. *Hall*, Doc No. 1. On November 22, 2019, Plaintiff Hall filed his First Amended Class Action Complaint, adding three additional causes of action.

---

[1] *Hall, et al. v. Marriott International Inc.*., No. 19-cv-1715-JLS-AHG (S.D. Cal.), hereinafter referred to as the "underlying case" or "*Hall*."

[2] The Court incorporates by reference its previous thorough descriptions of the underlying factual allegations in this case. *See Hall v. Marriott*, No. 19cv1715-JLS-AHG, 2021 WL 3419370, at *1–*3 (S.D. Cal. Aug. 5, 2021) (detailing factual allegations of Third Amended Complaint); *Hall v. Marriott*, No. 19cv1715-JLS-AHG, 2021 WL 1906464, at *1–*3 (S.D. Cal. May 12, 2021) (detailing factual allegations of Second Amended Complaint).

*Hall*, Doc No. 15. On January 11, 2021, Plaintiff Hall filed his Second Amended Class Action Complaint, which retained all causes of action and added three named plaintiffs: Julie Drassinower, Kevin Branca, and Jesse Heineken. *Hall*, Doc No. 54 at ¶¶ 66–95. On May 27, 2021, Plaintiff Hall and Plaintiff Branca filed the operative Third Amended Class Action Complaint, which retained all causes of action, removed Plaintiffs Drassinower and Heineken, and added a third Plaintiff from a related case, George Abdelsayed. *Hall*, Doc No. 82 at ¶¶ 75–76; *see Hall*, Doc No. 78 at 4 (consolidating *Hall* and *Abdelsayed* cases and requiring the filing of a consolidated complaint).

On May 18, 2021, Defendant noticed the deposition of then-Plaintiff Drassinower for July 1, 2021, at 10:00 a.m. in Defendant's counsel's San Diego office. *Hall*, Doc No. 3-7. On June 10, 2021, after Ms. Drassinower was removed as a named plaintiff, Defendant issued a subpoena for Ms. Drassinower to testify at her deposition on July 19, 2021, at 10:00 a.m. in Defendant's counsel's San Francisco office. *Hall*, Doc No. 1-2.

On July 7, 2021, Ms. Drassinower filed a motion to quash in the Northern District of California, the district where she resides, requesting an order from the court quashing the deposition subpoena or transferring her motion to the Southern District of California. ECF No. 1. Defendant filed its opposition brief on July 21, 2021. ECF No. 3. On July 23, 2021, the court found that Ms. Drassinower had consented to having her motion transferred under Federal Rule of Civil Procedure 45(f), and ordered that the case be transferred to the Southern District. ECF No. 4. The case was transferred to this district on July 30, 2021. ECF No. 6. On August 2, 2021, Ms. Drassinower filed her reply brief. ECF No. 8. The Court found this motion suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1(d)(1). ECF No. 9. This order follows.

## II.   PARTIES' POSITIONS

In her motion, Ms. Drassinower contends that "[p]ermitting the requested absent class member discovery here, and requiring Ms. Drassinower to devote significant time and effort to testifying at a deposition, would constitute an undue burden on Ms. Drassinower and would elicit only irrelevant testimony that bears on no issues in the

underlying *Hall* Action." ECF No. 1 at 9. She contends that "[t]he circumstances surrounding the booking of Marriott hotel rooms by hundreds of thousands of absent Class members … are not discoverable." *Id*. She states that "there is no basis to single her out among all absent class members, dozens of which have made complaints and inquir[i]es to Marriott concerning the deceptive nature of its resort fees and pricing practices." *Id*. at 10. She further speculates that "Marriott's subpoena appears to be nothing more than a seriously belated tactic to explore the reasons underlying Ms. Drassinower's withdrawal as a named plaintiff[.]" *Id*. at 9; *see id*. at 13. She also contends that the causes of action in this case implicate an objective standard of proof (i.e., whether a "reasonable consumer" was deceived), not subjective or individualized testimony. *Id*. at 14. Ms. Drassinower further argues that her testimony is not necessary to the case, because she already has answered interrogatories and has produced documents relating to her reservations at Marriott hotels. *Id*. "Marriott does not need discovery from an absent class member when it already has that very information at its disposal." *Id*. (emphasis omitted). Ms. Drassinower also contends that she will "require counsel's assistance in order to appear at her deposition." *Id*. at 15. Further, she feels that the deposition subpoena "serves only to harass and burden" her. *Id*.

In its opposition brief, Defendant contends that Ms. Drassinower is "not merely an absent class member. She is a former named plaintiff who has injected herself into the *Hall* Action and who has asserted verified facts relevant to the legal theories on which that action is based. She has provided detailed responses to Marriott's interrogatories, requests for admission, and requests for production. She has alleged facts pertaining to her experience with resort fees and has produced numerous documents pertaining to her stays at various hotels." ECF No. 3 at 4. Defendant asserts that deposing Ms. Drassinower, as well as the current named plaintiffs and another former named plaintiff, "is relevant to Marriott's effort to defeat class certification on commonality and preponderance grounds by showing [that processes and exposure] vary from customer to customer." *Id*.; *see id*. at 7 ("in putative class actions [brought under the CLRA, FAL, and UCL], courts will find a lack of

commonality, and thus will deny class certification, where the proposed class members were exposed to different representations and viewed the various representations in different contexts."). Further, the "suspicious way in which Ms. Drassinower was dropped from the case [seemingly in response to a deposition notice, and a few days after failing to serve amended discovery responses] raises legitimate questions about the veracity of her prior statements regarding Marriott's resort-fee practices." *Id*. at 4–6. Defendant notes that Plaintiff Hall, Plaintiff Branca, Plaintiff Abdelsayed, former-plaintiff Heineken, and former-plaintiff Drassinower are the only five people who have publicly asserted facts about the basis for the underlying *Hall* action via declarations and interrogatory responses; hence, these are the five people Defendant seeks to depose. *Id*. at 5. "Rather than select putative class members at random, … Marriott intends to focus on those five individuals because their identities are known, because they have already made allegations and provided detailed discovery responses about their individual experiences regarding Marriott's resort-fee practices and about the ways in which they believe those practices were deceptive, and because they have injected themselves into the litigation." *Id*. at 8. Defendant also notes that its recent deposition of Plaintiff Hall unearthed inconsistencies in allegations in his complaint and in his interrogatory responses. *Id*. at 8; *see id*. at 9 (noting that "most of Ms. Drassinower's written discovery responses have been identical to those of the other named plaintiffs."). Defendant notes that Ms. Drassinower has not withdrawn her assertions or the documents that she has produced. *Id*. at 6.

In Ms. Drassinower's reply brief, counsel represents that they "do[] not intend to rely on any factual declarations from Julie Drassinower, or other former plaintiffs, in support of their class certification motion[, and] also do[] not intend to call Julie Drassinower, or other former plaintiffs, as witnesses at trial." ECF No. 8 at 6. Ms. Drassinower also notes that she has "no history of noncompliance with discovery obligations." *Id*. (internal quotation marks omitted). Ms. Drassinower reiterates the objective standard under the UCL, FAL, and CLRA, and argues that Defendant failed to make a showing that "a deposition from a single absent class member [] will advance any

of these arguments" that commonality is lacking. *Id.* at 7.

## III.  LEGAL STANDARD

Prior to class certification under Federal Rule of Civil Procedure 23, discovery lies entirely within the discretion of the court. *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) (citing *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 209 (9th Cir. 1975)) ("Whether or not discovery will be permitted in a case of this nature lies within the sound discretion of the trial court"); *see cf. U.S. Fidelity & Guar. Co. v. Lee Investments L.L.C.*, 641 F.3d 1126, 1136 n.10 (9th Cir. 2011) ("District courts have wide latitude in controlling discovery, and [their] rulings will not be overturned in the absence of a clear abuse of discretion.") (internal quotation marks and citations omitted).

Nonprivileged information is discoverable under Rule 26 if it is (1) relevant to any party's claim or defense, and (2) proportional to the needs of the case. FED. R. CIV. P. 26(b). Information need not be admissible to be discoverable. *Id*. Parties may seek discovery within the scope of Rule 26 by deposing a witness pursuant to Rule 30. Rule 45 governs discovery of non-parties by subpoena, providing, among other things, that a party may command a non-party to testify at a deposition. FED. R. CIV. P. 45(a)(1)(A)(iii). Rule 45 states that "the court for the district where compliance is required[3] must quash or modify a subpoena that . . . subjects a person to undue burden." FED. R. CIV. P. 45(d)(3)(A)(iv). "The 'relevance' and 'undue burden' standards of Rule 45 parallel the relevance and proportionality standards of Rule 26." *Apple Inc. v. Qualcomm Inc.*, No. 17-cv-108-GPC-MDD, 2018 WL 3861893, at *2 (S.D. Cal. Aug. 14, 2018); *Beaver Cty. Emp. Ret. Fund v. Tile Shop Holdings, Inc.*, No. 3:16-mc-80062-JSC, 2016 WL 3162218, at *2 (N.D. Cal.

---

[3] Though the Northern District of California is the "district where compliance is required," the Southern District of California (the issuing court) may rule on the motion to quash "if the person subject to the subpoena consents." FED. R. CIV. P. 45(f); *see* ECF No. 1 at 16 ("Ms. Drassinower consents to transfer"); ECF No. 4 (Northern District ordering case be transferred).

June 7, 2016) (citing FED. R. CIV. P. 45 Advisory Comm.'s Note (1970)). "[A]lthough the moving party on a motion to quash a subpoena may bear the burden of persuasion, district courts require that the party issuing the subpoena must demonstrate that the discovery sought is relevant." *Apple*, 2018 WL 3861893, at *3.

The Ninth Circuit has not addressed the propriety of conducting depositions of absent class members. *Arredondo v. Delano Farms Co.*, No. 1:09-cv-1247-MJS, 2014 WL 5106401, at *4 (E.D. Cal. Oct. 10, 2014); *see Tierno v. Rite Aid Corp.*, No. C-05-2520-TEH, 2008 WL 2705089, at *6 (N.D. Cal. July 8, 2008) ("The law on discovery directed to absent class members is flexible. Discovery from absent class members is 'neither prohibited nor sanctioned explicitly' by the Federal Rules.") (internal quotation omitted). One frequently cited standard originates[4] from a Seventh Circuit decision in which the court held that a party seeking depositions of absent class members "has the burden of showing necessity and absence of any motive to take undue advantage of the class members." *Clark v. Universal Builders, Inc.*, 501 F.2d 324, 341 (7th Cir. 1974). This standard permits such discovery "only where the proponent of the discovery establishes" four criteria:

> (1) the discovery is not designed to take undue advantage of class members or to reduce the size of the class, (2) the discovery is necessary, (3) responding to discovery requests would not require the assistance of counsel, and (4) the discovery seeks information that is not already known by the proponent.

---

[4] "The Court first notes that in *Clark*, the Seventh Circuit did not clearly enunciate a four factor test, but rather held the district court record was devoid of any showing that defendants had met the heightened burden for deposing class members because there was no developed record demonstrating necessity of the discovery, nor demonstrating an absence of any motive to take undue advantage of the class members, which the court found particularly important given the likely need for counsel during the depositions. [] Later courts [e.g., in *McPhail*] expanded on this discussion to create the four-factor test." *Aldapa v. Fowler Packing Co.*, No. 1:15-cv-420-DAD-SAB, 2019 WL 1047492, at *5 (E.D. Cal. Mar. 5, 2019), *modified on other grounds*, 2019 WL 2635947 (E.D. Cal. June 27, 2019) (internal citations omitted).

*McPhail v. First Command Fin. Plan., Inc.*, 251 F.R.D. 514, 517 (S.D. Cal. 2008) (citing *Clark*, 501 F.2d at 340–42).

Other courts have articulated standards that are similar to, or overlap with, the factors set forth in *Clark*. For example,[5] in *Tierno*, the court held that the proponent of the deposition must demonstrate three factors to justify discovery on absent class members: (1) the information sought is relevant; (2) the information is not readily obtainable from the representative parties or other sources; and (3) the request is not unduly burdensome and made in good faith. 2008 WL 2705089, at *6. Similarly, in *Arredondo*, the court summarized the types of factors used in other courts in the absence of a clear Ninth Circuit standard, and held that, "as a general rule, discovery from absent class members may be permitted when reasonably necessary, not conducted for an improper purpose, and not unduly burdensome in the context of the case and its issues." 2014 WL 5106401, at *5.

## IV.   SELECTED CASE OVERVIEWS

The Court finds it helpful to examine several cases cited by the parties, as they provide an overview of different courts' decisions and application of the relevant standards pertaining to discovery directed at absent class members in various circumstances. Defendant cites several cases for the proposition that, when "the defendant is seeking to depose absent class members who formerly were named plaintiffs, who have otherwise injected themselves into the litigation, or who have dropped out of the case in order to avoid complying with discovery requests, the analysis is very different." ECF No. 3 at 10–12 (citing *Moreno v. Autozone, Inc.*, No. C-05-4432-MJJ-EMC, 2007 WL 2288165 (N.D. Cal. Aug. 3, 2007), and *Burnett v. Ford Motor Co.*, No. 3:13-cv-14207, 2015 WL 3540886

---

[5] In *McCarthy*, another commonly cited example, the court required parties seeking discovery to make a "strong showing . . . that the information sought (1) is not sought with the purpose or effect of harassment or altering membership of the class; (2) is directly relevant to common questions and unavailable from the representative parties; and (3) is necessary at trial of issues common to the class." *McCarthy v. Paine Webber Group, Inc.*, 164 F.R.D. 309, 313 (D. Conn. 1995) (citations omitted).

(S.D. W. Va. June 4, 2015)). Ms. Drassinower responds to Defendant's argument by citing other cases where the courts denied discovery regarding absent class members who were former named plaintiffs or who had submitted declarations. ECF No. 8 at 6 (citing *Feldman v. Motorola, Inc.*, No. CIV-A-90-C-5887, 1992 WL 415382 (N.D. Ill. Nov. 5, 1992), and *Vedachalam v. Tata America Int'l Corp.*, No. C-06-00963-CW-EDL, 2011 WL 13161567 (N.D. Cal. Aug. 12, 2011)). The Court also notes several cases, not cited by the parties, that add to the discussion: *Antoninetti v. Chipotle*, Inc., No. 06-cv-2671-BTM-WMc, 2011 WL 2003292, at *5 (S.D. Cal. May 23, 2011), and *In re FedEx Ground Package Sys.*, No. 3:05-MD-527-RM-MDL-1700, 2007 U.S. Dist. LEXIS 16205, at *24–*27 (N.D. Ill. Mar. 5, 2007).

In *Moreno*, the court used a flexible standard: "discovery [of absent class members] may be taken … if the proponent of the deposition demonstrates discovery is not sought to take undue advantage of class members or to harass class members, and is necessary to the trial preparation (or in this instance for preparation of the opposition to class certification)." 2007 WL 2288165, at *1. There, the court permitted the depositions of three absent class members who had "injected themselves into the class certification motion by filing factual declarations," because "[r]easonable cross examination of the declarants as to facts asserted therein is reasonably necessary to Defendant's preparation of its opposition to the class certification motion." *Id*.

In *Burnett*, the court summarized the standards arising from *Clark*, including *McPhail*, *McCarthy*, and *Arredondo*. *Burnett*, 2015 WL 3540886, at *1. The court permitted the depositions of four absent class members because they "were named plaintiffs in the litigation for nearly two years [and] when these individuals agreed to participate in the case in a representative capacity, they should have realized that they would be expected to respond to discovery requests at some point in the proceedings[,]" the information sought was relevant, and the depositions "should not require expert or legal assistance [because, w]hile Ford does seek information about the individuals' participation in the litigation and subsequent dismissals from the case, their former counsel will already

be present at the depositions and can provide guidance in areas of attorney/client privilege and work product protection." *Id*. at *6–*9.[6]

In *Feldman*, the Court referenced the *Clark* standard for absent class member discovery as permitting discovery of absent class members if it is "necessary to trial preparation and that the interrogatory is not designed 'as a tactic to take undue advantage of the class members or as a stratagem to reduce the number of claimants,'" but commented that "it appears that reported decisions from this circuit have not addressed the question of whether to allow discovery from a named plaintiff who seeks to shed his or her status as class representative[.]" *Feldman*, 1992 WL 415382, at *6 (quoting *Clark*, 501 F.2d at 340). The court noted that "defendants are understandably skeptical about the motivations of named plaintiffs who seemingly seek to abdicate their responsibilities as class representatives in order to avoid discovery orders," but concluded that, because discovery had not advanced very far in the case, the depositions of two former named plaintiffs were unnecessary at that time. *Feldman*, 1992 WL 415382, at *6. Though the Court did not permit the depositions, the court did require that they "inform defendants of their reasons for withdrawing as representatives of the class" and include for the court a "statement of their reasons … in connection with the motion to be dropped as parties[.]" *Id*. at *7, *7 n.6.

In *Vedachalam*, the defendant sought to depose three "class members who submitted but then withdrew declarations in support of class certification," and the court referenced the *McPhail* standard for absent class member discovery because the withdrawal of the declarations put them on "equal footing with unnamed, absent class members." *Vedachalam*, 2011 WL 13161567, at *1. The Court quashed the subpoenas because the depositions were not necessary in light of the withdrawn declarations, and because the case

---

[6] The Court notes that Ms. Drassinower seeks to distinguish her case from *Burnett* because "there is also no history of noncompliance with discovery obligations by Ms. Drassinower in the present case." ECF No. 8 at 6 (internal quotation marks omitted). However, Ms. Drassinower "failed to serve [he]r amended discovery responses" by the deadline, while she was still a named plaintiff in this case. ECF No. 3 at 6; *see* ECF No. 3-6 at ¶¶ 1–3.

"is essentially a breach of contract dispute over whether class members were paid the amount Defendants were contractually required to pay them, and the employment documents themselves (contracts, deputation agreements, earnings statements, appropriation of tax refund checks) are likely the most important evidence[,]" which were in defendant's control. *Id*. at *2.

In *Antoninetti*, the court explained that that "the rules pertaining to [absent class member] discovery are flexible, especially where the proposed deponents have been identified as potential witnesses or have otherwise 'injected' themselves into the litigation. [] Therefore, such discovery may be taken even prior to certification where 'the proponent of the deposition demonstrates discovery is not sought to take undue advantage of class members or to harass class members, and is necessary to the trial preparation (or in this instance for preparation of the opposition to class certification).'" 2011 WL 2003292, at *1 (quoting *Moreno*, 2007 WL 2288165, at *1). The court permitted depositions of 20 absent class members, because they had injected themselves into the litigation by filing declarations and because, as customers and not employees, the likelihood for a chilling effect was minimal. *Antoninetti*, 2011 WL 2003292, at *2; *see cf. Vasquez v. Leprino Foods Co.*, No. 1:17-cv-796-AWI-BAM, 2019 WL 4670871, at *3–*4 (E.D. Cal. Sept. 25, 2019) (collecting cases where the absent class members "injected" themselves into the litigation).

In *FedEx Ground Package Systems*, the court utilized the *Clark* standard and compelled the deposition of a former named plaintiff who was dropped from the case a few weeks prior to his scheduled deposition. *In re FedEx Ground Package Sys*., 2007 U.S. Dist. LEXIS 16205, at *24–*27. The court noted that the former plaintiff had "submitted prior discovery that was nearly identical to other named plaintiffs" even though it was later learned that he did not work at FedEx, and concluded that his deposition was necessary for defendant's trial preparation. *Id*. at *24. Further, the court explained that "[a]s a named Plaintiff, Griffin would have undoubtedly been forced to attend a deposition. In fact, Griffin was scheduled for a deposition that Fedex was prepared to conduct that was cancelled at the direction of Plaintiffs' counsel because Griffin was going to be dropped as

a named plaintiff. … Now, Plaintiffs argue that [] *Clark* prevents Fedex from deposing Griffin because he is, at best, an absent class member. Plaintiffs appear to have deliberately changed Griffin's circumstances so as to hide behind the *Brennan* and *Clark* standards." *Id*. at *25. "Seeking the deposition of one absent class member … from potentially thousands hardly constitutes harassment. Furthermore, performing one deposition, which was already supposed to have been performed, cannot be considered a burden." *Id*. at *26; *see also Dysthe v. Basic Research, LLC*, 273 F.R.D. 625, 629 (C.D. Cal. 2011) (referencing *Clark* and compelling deposition of former named plaintiff for similar reasons as in *FedEx Ground Package Sys.*, noting that "[h]is testimony regarding his experience with Relacore weight-loss products is [] highly likely to be relevant to class certification issues [] even if he no longer wishes to be burdened with this litigation. … Defendants properly noticed Hall's deposition before Hall filed his motion for voluntary dismissal. … Information regarding Hall's personal experiences with Relacore weight-loss products is unlikely to be available from other representative parties.").

## V.   DISCUSSION

The Court has considered the arguments of counsel and the relevant court rulings on the topic, and is persuaded that Ms. Drassinower's deposition should move forward. The Court concludes that Ms. Drassinower's deposition is "reasonably necessary, not conducted for an improper purpose, and not unduly burdensome[.]" *Arredondo*, 2014 WL 5106401, at *5. The deposition is reasonably necessary for preparation for opposing class certification due to lack of commonality, it is not conducted for an improper purpose because Ms. Drassinower has inserted herself in the litigation, and, as a former named plaintiff who signed up to represent the class, a deposition is not unduly burdensome. *See, e.g.*, *Aldapa v. Fowler Packing Co.*, No. 1:15-cv-420-DAD-SAB, 2019 WL 2635947, at *6 (E.D. Cal. June 27, 2019) (finding no improper purpose when "defendants' primary purpose in deposing absent class members is to identify, if possible, inconsistencies between the affidavits submitted in support of plaintiffs' class certification motion and the deposition testimony of those absent class members and to use any such inconsistencies in

moving for decertification"); *Burnett*, 2015 WL 3540886, at *3 ("Ford correctly points out that the proposed deponents are not ordinary absent class members being singled out for intrusive discovery. To the contrary, these four individuals were previously named parties, who affirmatively interjected themselves into the prosecution of the claims and maintained their representative roles until opting for voluntary dismissals."); *In re FedEx Ground Package Sys.*, 2007 U.S. Dist. LEXIS 16205, at *26 ("performing one deposition, which was already supposed to have been performed, cannot be considered a burden.").

While the Court notes that it is not required to utilize the *Clark* standard,[7] and though it finds the *Arredondo* standard more applicable, since both parties addressed the *Clark* standard in their briefing, the Court will also discuss it here. *See* ECF No. 3 at 12 ("The standard that governs Ms. Drassinower's motion is 'flexible.' [] But even if this Court were to follow the Seventh Circuit's *Clark* case—which appears to present the strictest standard governing discovery directed to absent class members—" the outcome would be the same) (internal citation omitted). Thus, for completeness, the Court will also address whether (1) the discovery is not designed to take undue advantage of class members or to reduce the size of the class, (2) the discovery is necessary, (3) responding to discovery requests would not require the assistance of counsel, and (4) the discovery seeks information that is not already known by the proponent. *See McPhail*, 251 F.R.D. at 517 (citing *Clark*, 501 F.2d at 340–42).

First, the Court finds that a deposition of one former named plaintiff is not meant to take undue advantage of class members or reduce the size of the class. The Court agrees with Defendant that "the person who Marriott is seeking to depose is not a mere absent

---

[7] *See, e.g.*, *Aldapa*, 2019 WL 2635947, at *3–*4 (affirming magistrate judge's application of *Arredondo* instead of *Clark*, explaining that "[t]he magistrate judge chose to adopt the standard as articulated in *Arredondo*, rather than an out-of-circuit variation of the standard as discussed in *Clark* and its progeny" and "[g]iven these variations in the formulation of the applicable legal standard [and "in the absence of binding circuit authority"], the court cannot conclude that the magistrate judge erred as a matter of law").

class member but is a former named plaintiff who has injected herself into the litigation." ECF No. 3 at 13; *see, e.g.*, *Burnett*, 2015 WL 3540886, at *2 (finding that the discovery was not designed to take advantage of class members or reduce the class size because "all four of the proposed deponents were named plaintiffs in the litigation for nearly two years. Certainly, when these individuals agreed to participate in the case in a representative capacity, they should have realized that they would be expected to respond to discovery requests at some point in the proceedings. … Moreover, Ford does not attempt to discover this information from a large number of absent class members"); *In re FedEx Ground Package Sys.*, 2007 U.S. Dist. LEXIS 16205, at *26 (N.D. Ill. Mar. 5, 2007) ("Fedex does not appear to be seeking the testimony of Griffin to harass absent class members, nor does the deposition Fedex seeks appear to be burdensome."). The Court is also not persuaded that allowing Ms. Drassinower's deposition would have a chilling effect on the class. *See, e.g.*, *Antoninetti*, 2011 WL 2003292, at *2 ("The Court notes that under certain circumstances depositions of absent class members could have a chilling effect on their willingness to be part of the class. [] However, that concern has little impact in this case for several reasons. First, the proposed deponents are not employees of Chipotle; rather, they are customers. Therefore, they are not under the pressure employees would face being deposed by their employer. Chipotle cannot directly or impliedly threaten the putative class members with loss or reduction of employment or some other adverse action []. Indeed, a case can be made that Chipotle is more dependent on the putative class members than they are dependent on Chipotle."). Also persuasive is that Defendant seeks one deposition, not thousands. *Compare Holman v. Experian Info. Sols.*, Inc., No. C-11-00180-CW-DMR, 2012 WL 2568202, at *4 (N.D. Cal. July 2, 2012) (denying request to propound discovery on 38,000 absent class members) *with In re FedEx Ground Package Sys.*, 2007 U.S. Dist. LEXIS 16205, at *26 ("Seeking the deposition of one absent class member [] from potentially thousands hardly constitutes harassment.").

Second, the Court finds that the discovery is necessary. Ms. Drassinower "has asserted verified facts relevant to the legal theories on which that action is based. She has

provided detailed responses to Marriott's interrogatories, requests for admission, and requests for production. She has alleged facts pertaining to her experience with resort fees and has produced numerous documents pertaining to her stays at various hotels." ECF No. 3 at 4. The Court finds that Ms. Drassinower's deposition is necessary for Defendant's opposition to class certification. *E.g.*, *Moreno*, 2007 WL 2288165, at *1 ("Reasonable cross examination of the declarants as to facts asserted therein is reasonably necessary to Defendant's preparation of its opposition to the class certification motion.").

Third, the Court finds that Ms. Drassinower would not require the assistance of counsel during her deposition. Defendant explains that it "intends to focus its questioning on Ms. Drassinower's personal experiences in reserving Marriott hotel rooms," asking that she "testify about what she remembers" and "provide factual support for the allegations she adopted in the complaint and her verified discovery responses." ECF No. 3 at 14. The Court agrees with Defendant that Ms. Drassinower has a relationship with class counsel, who would already be present at her deposition since they filed the motion to quash on her behalf; further, Plaintiffs' counsel has not shown that she has had to pay for their services. *See, e.g.*, *Burnett*, 2015 WL 3540886, at *3 (finding that former named plaintiffs would not require legal assistance during the deposition, and explaining that "[w]hile Ford does seek information about the individuals' participation in the litigation and subsequent dismissals from the case, their former counsel will already be present at the depositions and can provide guidance in areas of attorney/client privilege and work product protection. Therefore, the universal concern that an absent class member will incur legal fees as a consequence of the deposition is not applicable to the factual scenario here.").

Fourth, the Court finds that Defendant seeks information via deposition that is not already known. For example, "[a]t his deposition, [Plaintiff] Hall acknowledged that, contrary to what his own complaint had alleged, he was actually uncertain whether Marriott's specific and distinct disclosure of the applicable resort fee had or had not been disclosed at some point during the booking process. [] Specifically, his sworn interrogatory responses state that Marriott 'never' disclosed a resort fee when he booked his room on

15

3:21-cv-1370-JLS-AHG

Marriott's website, … [but during the deposition,] Hall retreated, indicating that he could not recall whether there was a resort-fee disclosure, and that he may have missed it." ECF No. 3 at 8. Here, since "most of Ms. Drassinower's written discovery responses have been identical to those of the other named plaintiffs," such as Mr. Hall, her deposition is necessary to assess her room booking experience and her written discovery responses alone are insufficient. *See Moreno*, 2007 WL 2288165, at *1 ("While Defendant may have access to relevant documents which could support its opposition to the class certification motion, the declarants appear to possess information which may not be documented and thus not within Defendant's possession absent a deposition."); *cf. Dysthe*, 273 F.R.D at 629 ("Information regarding Hall's personal experiences with Relacore weight-loss products is unlikely to be available from other representative parties.").

Lastly, though Plaintiffs' counsel "does not intend to rely on the testimony [or factual declarations] of Julie Drassinower in support of class certification or at trial" (*see* ECF No. 8 at 6), her discovery responses and filed declaration have not been formally withdrawn. Even if they had been, the Court's analysis above would remain unchanged. The Court does not agree that by withdrawing her declarations, Ms. Drassinower would be on "equal footing with unnamed, absent class members." *Vedachalam*, 2011 WL 13161567, at *1. Ms. Drassinower did not "inject herself into the litigation" solely by providing discovery responses and a declaration for her verified complaint; she also "injected herself into the litigation" as a named plaintiff, who agreed to participate in the case in a representative capacity, and now cannot avoid discovery by withdrawing from the case. As such, Ms. Drassinower has not met her burden to persuade the court that her deposition would be unduly burdensome. *Jackson v. Montgomery Ward & Co.*, 173 F.R.D. 524, 528–29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence. … Just because complying with a discovery request will involve expense or may be time consuming, does not make it unduly burdensome.").

## VI. CONCLUSION

For the reasons set forth above, the Court **DENIES** Ms. Drassinower's motion to quash deposition subpoena. ECF No. 1. The Court, however, reminds Defendant of the presumptive ten deposition limit in Rule 30 of the Federal Rules of Civil Procedure, which will apply to Ms. Drassinower's deposition.

**IT IS SO ORDERED.**

Dated: August 25, 2021

_Allison H. Goddard_
Honorable Allison H. Goddard
United States Magistrate Judge